### PHILLIPS, Collector of Internal Revenue, v. LYMAN H. HOWE FILMS CO.

Circuit Court of Appeals, Third Circuit. July 15, 1929.

No. 3979.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and B. H. Bartholow and M. W. Goldsworthy, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for appellant.

L. E. Renard, of Scranton, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This action was brought to recover taxes alleged to have been wrongfully collected from the Lyman H. Howe Films Company. Jury was waived by stipulation, and the case heard by the judge. On the facts agreed upon, he entered judgment for the taxpayer. Thereupon the collector took this appeal.

The proofs were that the Lyman H. Howe Attractions and the Lyman H. Howe Films Company, corporations of Pennsylvania, were, subsequent to the payment of certain taxes by the latter company, duly merged under the Pennsylvania statutes into a third corporation called the Lyman H. Howe Films Company, the plaintiff. The facts touching the merger were that the plaintiff bears the name of one of the merging companies; the officers, directors, and by-laws of the merged company were the same as the two constituent merging companies; the number of shares in the merged company was the same as that held by each shareholder in the merging companies.

Without discussing the speculative ques-

tion as to just when and how the rights, liabilities, and properties of the merging companies passed to the merged one, it suffices to say that in the relation of taxpayer and government it is clear that the same shareholders, the same subject-matter, and the several rights and liabilities of taxpayer and government continued in unbroken continuity from the time the government wrongfully collected the tax until the taxpayer brought this suit. The merger was a permissible proceeding under the state law. It introduced no new parties; it was a mere readjustment of relation of the original shareholders among themselves. The wrong done those shareholders by the unjust collection of the taxes from one of the merging companies continued to be a wrong suffered by them as shareholders of the merged company. Regarding substance and not mere corporate form, it is clear to us that the filing of the required statutory waiver was the right of the shareholders of the merged corporation. In so holding, the court below committed no error, and its judgment is therefore affirmed.